**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT PANTON,** : | **CIVIL ACTION NO. 1:06-CV-0809** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **B.O.P. et al.,** : | |
| **Defendants** : | |

## ORDER

AND NOW, this 15th day of February, 2007, upon consideration of plaintiff's motion to amend (Doc. 45), and it appearing that, because the amendment seeks to add a new defendant and a new claim that includes conduct that occurred after the filing of this action, does not arise out of the same transaction or occurrence, and does not contain facts common to all existing defendants, it does not comply with the mandates of Federal Rule of Civil Procedure 20, Permissive Joinder of Parties (stating that "[a]ll persons may . . . be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action"), it is hereby ORDERED that the motion to

amend (Doc. 45) is DENIED without prejudice.[1]

     S/Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20.  Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action.  Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA.  Thus, to the extent that plaintiff believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, plaintiff should file separate complaints addressing each violation.