IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT PANTON,** | : | **CIVIL ACTION NO. 1:06-CV-0809** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **CASE MANAGER MATLACK,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Robert Panton ("Panton"), an inmate confined at the United States Penitentiary at Allenwood, who originally commenced this Bivens[1] action on April 19, 2006, is proceeding *via* an amended complaint filed on September 25, 2006. (Doc. 27). Presently before the court is a motion (Doc. 28) to dismiss plaintiff's amended complaint pursuant to FED. R. CIV. P. 12(b), or, in the alternative, for summary judgment pursuant to FED. R. CIV. P. 56(b). Also pending is plaintiff's motion for "injunctive release to be removed from USP Allenwood." (Doc. 42). For the reasons set forth below, the motion for summary judgment will be granted due to Panton's failure to exhaust his administrative remedies. The motion for injunctive relief will be denied as moot.

---

[1] Bivens actions are the federal counterpart to § 1983 claims brought against state officials. Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004) (citing Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001)). "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a Bivens claim against federal officials." Schrob v. Catterson 948 F.2d 1402, 1409 (3d Cir. 1991).

**I.     Statement of Facts**

Panton commenced this action on April 19, 2006, naming Matlack, and others, as defendants. (Doc. 1). He amended the complaint on September 25, 2006, naming Matlack as the sole defendant, and alleging the following:

> On or about June 30, 2006[,] defendant Matlack falsified a[n] incident report against me and had me locked up for approximately 45 days, and incited codefendants to deny me my religious meal, medical bottom bunk permit, regular contact visits, phone, and 26 days good time, by unindicted coconspirator DHO Cereny.

(Doc. 27, pp. 2-3). As relief, Panton seeks compensatory and punitive damages, and injunctive relief. (Doc. 27, p. 3).

On June 29, 2006, defendant Matlack wrote incident report 1484432 charging Panton with four prohibited acts: (1) refusing an order, in violation of Code 307; (2) insolence toward a staff member, in violation of Code 312; (3) interfering with a staff member in the performance of his duties, in violation of Code 398; and, (4) encouraging a group demonstration, in violation of Code 212. (Doc. 30-2, p. 6). A disciplinary hearing was held and he was found guilty of Code violations 307 and 312 and was sanctioned to disciplinary segregation, loss of good conduct time and loss of telephone privileges. (Id. 30-2, pp. 10, 11). The other charges were expunged. (Id. at p. 10).

An inmate may challenge any aspect of his or her confinement using the Bureau of Prison's ("BOP") administrative remedy procedure, which is set forth at 28 C.F.R. §§ 542 *et seq*. Complaints must first be informally presented to staff, and

staff shall attempt to resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined. Id. at §542.14(a). If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP. Id. at §§542.15(a) and 542.18. No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office.

On August 7, 2006, Panton filed grievance number 423007 with the warden, complaining that defendant Matlack wrote incident report 1488432 for retaliatory reasons. Because the grievance was considered a challenge to the disciplinary proceedings, and such a grievance must be filed at the regional level, the grievance was rejected and Panton was directed to re-file it with the Regional Office. (Doc. 30-2, p. 55; Doc. 36-2, p. 3). Panton believed that this grievance was properly filed because it involved retaliation, not a challenge to the disciplinary hearing. However, he did not appeal this finding to the next level of review. (Doc. 35, p. 2).

Two days later, Panton filed grievance 423007-R1 with the Regional Office challenging the validity of the sanctions imposed at the disciplinary hearing. (Id. at p. 58). On August 10, 2006, the grievance was denied on the merits. (Id. at p. 59). He did not pursue an appeal to the Central Office because "the sanctions all would have been served by the time the response came." (Doc. 35, p. 4).

3

On September 1, 2006, he filed administrative remedy request number 425999-F1, complaining that staff was retaliating against him and harassing him for having filed a civil suit against them. (Doc. 30-2, p. 63). He claims that staff was retaliating against him for having sued Matlack and the others. Id. The warden denied his request on the merits September 19, 2006. (Doc. 30-2, p. 61). He did not pursue an appeal.

## II.   Standard of Review

"Summary judgment serves as a minimal but important hurdle for litigants to overcome before presenting a claim to a jury." Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 314 (M.D. Pa. 2004). Faced with such a motion, the adverse party must produce affirmative evidence, beyond the disputed allegations of the pleadings, in support of the claim. FED. R. CIV. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Corneal v. Jackson Township, 313 F. Supp. 2d 457, 464 (M.D. Pa. 2003), aff'd, 94 Fed. Appx. 76 (3d Cir. 2004). "Such affirmative evidence--regardless of whether it is direct or circumstantial--must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001) (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989). Only if this burden is met can the cause of action proceed. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see FED. R. CIV. P. 56(c), (e).

**III.    Discussion**

The Prison Litigation Reform Act (PLRA) requires prisoners to present their claims through an administrative grievance process before seeking redress in federal court. The act specifically provides as follow:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). Prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. See Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). "[I]t is beyond the power. . . of any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing Weinberger v. Salfi, 422 U.S. 749, 766 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis, 204 F.3d at 71. The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court.[2] Woodford v. Ngo, 126 S.Ct. 2378, 2387 (2006). "Proper

---

[2] A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). Failure to exhaust available administrative remedies is an affirmative defense that must be pleaded and proven by the defendants. Id.; see also Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 2386. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Id. at 2387 (quoting Nussle, 534 U.S. at 525)).

Further, most circuit courts are in agreement that a prisoner may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies *after* initiating suit in federal court. See Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) (holding that, "the district court must look to the time of filing, not the time the district court is rendering the decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory."); McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) (affirming dismissal of inmate's complaint who was in the process of exhausting his administrative remedies); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002) (affirming dismissal when inmate failed to exhaust the administrative remedies in place); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001) (affirming dismissal of inmate's complaint because he failed to exhaust his administrative remedies on each of his claims, although some were exhausted during the pendency of his litigation); Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001) (affirming dismissal of inmates' complaint because they had begun, but not yet exhausted, the

prison grievance procedure); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) (dismissing inmate's complaint because he filed his federal complaint before allowing the administrative process to be completed); Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 538 (7th Cir. 1999) (remanding for dismissal and reversing the district court's refusal to dismiss when, at the time the district court was ruling on the motion to dismiss, the inmate had fully exhausted his administrative remedies but had not done so at the time of filing).  The United States Court of Appeals for the Third Circuit has not issued a precedential opinion on the issue.  In a recent non-precedential opinion, the Court found that the lower court had properly dismissed plaintiff's complaint because his exhaustion attempt took place after he filed his Bivens claim.  Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006) (Not Precedential).  "[T]he district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred."  Oriakhi, 165 Fed. Appx. at 993 (quoting Johnson v. Jones, 340 F.3d at 624, 627-28 (8th Cir. 2003)).  The Court further stated that "[t]he fact that [the plaintiff] completed the administrative review process before the District Court reached the exhaustion question is of no consequence.  Indeed, there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court."  Oriakhi, 165 Fed. Appx. at 993 (citing Johnson, 340 F.3d at 627-28).

It is undisputed that Panton failed to exhaust his administrative remedies with regard to the issues raised in the amended complaint.  However, Panton argues that exhaustion should be excused because prison staff thwarted his efforts to comply with the administrative remedy procedures.  (Doc. 35).  This argument is without merit.  Specifically, Panton claims that prison staff denied him, or delayed providing him, administrative remedy forms so that his requests would be untimely.  (Doc. 35, p. 3).  Panton concedes that he was eventually provided with the necessary forms and, significantly, not one of his administrative remedy requests was dismissed as untimely.

Further, there is no question that Panton failed to exhaust his administrative remedies prior to filing this action.  Specifically, he filed suit in this court on April 19, 2006, more than four months before filing his first administrative remedy at the institution level.  Panton may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies *after* initiating suit in federal court. See Johnson, 340 F.3d at 627-28 (8th Cir. 2003); see also Oriakhi, 165 Fed. Appx. at 993.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        July 10, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT PANTON,** | : | **CIVIL ACTION NO. 1:06-CV-0809** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **CASE MANAGER MATLACK,** | : | |
| **Defendant** | : | |

AND NOW, this 10th day of July, 2007, upon consideration of defendant's motion (Doc. 28) to dismiss plaintiff's amended complaint pursuant to FED. R. CIV. P. 12(b), or, in the alternative, for summary judgment pursuant to FED. R. CIV. P. 56(b) it is hereby ORDERED that:

1. Defendant's motion (Doc. 28) for summary judgment is GRANTED.

2. The Clerk of Court is directed to ENTER judgment in favor of defendant Matlack and against plaintiff.

3. Plaintiff's motion (Doc. 42) for injunctive relief is DENIED as moot.

4. The Clerk of Court is directed to CLOSE this case.

5. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

                                              S/ Christopher C. Conner
                                              CHRISTOPHER C. CONNER
                                              United States District Judge