IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT PANTON,** : | CIVIL ACTION NO. 1:06-CV-0809 |
| **Plaintiff** : | (Judge Conner) |
| v.   : | |
| **CASE MANAGER MATLACK,** : | |
| **Defendant** : | |

## **MEMORANDUM**

Presently pending are plaintiff's motions for reconsideration pursuant to Fed. R. Civ. P. 52(b), 59(e) and 60(b)(6).  (Docs. 56, 61).  For the reasons set forth below, the motions will be denied.

**I.   Rule 52(b) and 59(e) Motion**

"A proper motion to alter or amend judgment must rely on one of three major grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice.'"  North River Ins. Co. v. Cigna Reinsurance Co., 52 F.2d 1194, 1218 (3d Cir. 1995) (citations omitted).

Plaintiff seeks reconsideration of the court's memorandum and order (Doc. 54) which granted defendant's motion for summary judgment due to plaintiff's failure to exhaust administrative remedies.  In support of his motion, he submits an appeal of a grievance which he filed with the Central Office on January 17, 2006.  (Doc. 56, p. 4).  Therein he grieves the issue that " Case Manager Matlack placed misinformation in my file and omitted favorable information in a transfer

request . . . as a retaliation for filing grievances." His appeal to final review was denied on March 6, 2006. (Id. at p. 5). Plaintiff argues that exhaustion of this incident satisfied the exhaustion requirement by placing defendant on notice of any and all present and future retaliation claims. "How many times and different ways the plaintiff was retaliated on by defendant(s) is not a[n] exhaustion requirement under the PLRA." (Doc. 56, p. 2, footnote omitted). Plaintiff is mistaken. In his amended complaint, plaintiff sought to impose liability solely on defendant Matlack based on the following conduct:

> On or about June 30, 2006[,] defendant Matlack falsified a[n] incident report against me and had me locked up for approximately 45 days, and incited codefendants to deny me my religious meal, medical bottom bunk permit, regular contact visits, phone, and 26 days good time, by unindicted coconspirator DHO Cereny.

(Doc. 27, pp. 2-3). Plaintiff is unable to satisfy the exhaustion requirement. The grievance upon which he relies to satisfy exhaustion predates the incident in the complaint by more than six months and involves a completely separate incident between plaintiff and defendant Matlack. As pointed out by defendant, "the BOP's policy on exhaustion requires that inmates state their complaints 'with all requested identifying information.' See 28 C.F.R. § 542.14(c)(3). It also requires submission of the remedy on the appropriate form '20 calendar days following the date on which the basis for the Request occurred.' See 28 C.F.R. § 542.14(a)." (Doc. 57, p. 5). Consequently, a fully exhausted grievance that predates the incident at issue cannot satisfy the BOP's administrative remedy policy.

It is clear that plaintiff has failed to set forth any of the grounds that would warrant reconsideration and that he merely disagrees with the court's conclusion that he failed to exhaust his administrative remedies.  See Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa.) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), aff'd, 31 F.3d 1174 (3d Cir. 1994); see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'").  The motion will be denied.

## II.    Rule 60(b)(6) Motion

The general purpose of Rule 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  Boughner v. Sec'y of Health, Educ. and Welfare, 572 F.2d 976, 977 (3d Cir. 1978).  "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.'"  Ross v. Meagan. 638 F.2d 646, 648 (3d Cir.1981).  However, a "Rule 60(b) motion may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion."  Smith v. Evans, 853 F.2d 155, 158 (3d Cir.1988).

FED. R. CIV. P 60(b)(6) provides the following:

> Rule 60. Relief From Judgment or Order
>
> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:(6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time. . . .

"Rule 60(b)(6) is a catchall provision which allows a court to relieve a party from the effects of an order for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). However, '[it] [] has consistently [been] held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances.' In re Fine Paper Antitrust Litig., 840 F.2d 188 (3d Cir.1988) (quotation omitted); see also United States Steel Corp. v. Fraternal Ass'n of Steel Haulers, 601 F.2d 1269, 1274 (3d Cir.1979); Marshall [v. Bd. of Educ., Bergenfield, N.J.], 575 F.2d [417,] [] 425 [(3d Cir. 1978)]." Coltec Indus, Inc. v. Hobgood 280 F.3d 262, 273 (3d Cir. 2002).

Plaintiff seeks to reinstate his original complaint because "due to *pro se* error and misapprehension of the application of supplement versus amendment and the court construing the plaintiff's intentions in a way not intended" his original complaint was "terminated" and replaced with his amended complaint. (Doc. 61). He states that he "was shocked to see defendants in original complaint as terminated" and argues that the court should have construed his amendment as a supplement to the original complaint. (Doc. 61, p. 1).

In the orders (Docs. 20, 26) granting plaintiff's motions to amend, plaintiff was informed that the amended complaint "shall be a short, plain, and concise statement of the claim and, shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Fed. R. Civ. P. 8(e)(1)." (Docs. 20, 26). The only named defendant in the amended complaint is Matlack and the allegations only concern the actions of Matlack. There is no mention of, allegations concerning, or reference to, the other defendants named in the original complaint. At no point during the course of litigation of the amended complaint, which occurred over a period of approximately 10 months and culminated in the entry of summary judgment in favor of Matlack and the closing of the case, did plaintiff seek to have the amended complaint construed as a supplement to the original complaint. Nor did he pursue relief against any of the defendants named in the original complaint. It is well-settled that an amended complaint supersedes the original complaint. Washer v. Bullitt Co., 110 U.S. 558, 561-62 (1884) ("When a petition is amended by leave of the court, the cause proceeds on the amended petition."); Snyder v. Pascack Valley Hosp. 303 F.3d 271, 276 (3d Cir. 2002); New Rock Asset Partners, L.P., v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1504 (3d Cir. 1996) (finding that the amended complaint supersedes the original and renders it of no legal effect). Because plaintiff has failed to demonstrate the existence of exceptional circumstances such that his original complaint should be reinstated, his motion is denied.

An appropriate order will issue.

                                         S/ Christopher C. Conner
                                         CHRISTOPHER C. CONNER
                                         United States District Judge

Dated:       December 14, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT PANTON,** | : | **CIVIL ACTION NO. 1:06-CV-0809** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **CASE MANAGER MATLACK,** | : | |
| **Defendant** | : | |

## **O R D E R**

AND NOW, this 14th day of December, 2007, upon consideration of plaintiff's motions for reconsideration (Docs. 56, 61), and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that plaintiff's motions are DENIED.

     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge